# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT of MASSACHUSETTS

In re *John A. Oliveira and Amy L. Oliveira*

Case No.
Chapter    7

_____ /s/ Stephen B. Swaye _____ / Debtor
Attorney for Debtor: *STEPHEN B SWAYE*

# CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

### a.  Property to Be Surrendered.

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

### b.  Property to Be Retained.

[Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to §722 | Debt will be reaffirmed pursuant to §524(c) |
|---|---|---|---|---|
| *345 Brownell Avenue* *2006 Chrysler Town & Country* | *Litton Loan Servicing* *USAA Federal Savings Bank* | *X* | | *X* |

## Signature of Debtor(s)

Date: _____ 3/25/2007

Date: _____ 3/25/2007

Debtor: _____ /s/ John A. Oliveira _____

Joint Debtor: _____ /s/ Amy L. Oliveira _____

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____

(If known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, In Property without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _345 Brownell Avenue, New Bedford, MA 02740_ | | J | $ 360,000 | |
| | | | | |

<u>NO</u>   continuation sheets attached

**TOTAL $**
(Report also on Summary of Schedules.)

360,000

In re _John A. Oliveira and Amy L. Oliveira_____ / Debtor    Case No. _____
(If known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts  and Unexpired Leases.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1. Cash on hand. | | _cash_ | J | $ 200 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _USAA Savings_ | J | $ 25 |
| | | _USAA Checking_ | J | $ 25 |
| | | _USAA Checking_ | J | $ 150 |
| | | _Webster Bank_ | J | $ 175 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | _household goods_ | J | $ 3,000 |
| | | _furniture_ | J | $ 5,000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | _Books_ | J | $ 500 |
| 6. Wearing apparel. | | _clothing_ | J | $ 3,000 |
| 7. Furs and jewelry. | | _jewelry_ | J | $ 600 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | _hobby equipment_ | J | $ 300 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |

Page ___1___ of ___2___

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____
                                                                                    (If known)

# SCHEDULE B-PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Other liquidated debts owing debtor include tax refunds.  Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _2006 Chrysler Town and Country_ | J | $ 24,345 |
| | | _Jeep Wrangler_ | J | $ 1,500 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | _computer_ | J | $ 200 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |

Page __2__ of __2__                                                Total →    $ 39,020

Report total also on Summary of Schedules)

In re _John A. Oliveira and Amy L. Oliveira_____ / Debtor    Case No. _____

<span style="text-align:right">(If known)</span>

# SCHEDULE C-PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| household goods | Mass. Gen. Laws Ann. Chap.235 S34(2) | $ 3,000 | $ 3,000 |
| furniture | Mass. Gen. Laws Ann. Chap. 235 S34(1) | $ 5,000 | $ 5,000 |
| Books | Mass. Gen. Laws Ann. Chap.235 S 34(3) | $ 400 | $ 500 |
| clothing | Mass. Gen. Laws Ann. Chap. 235 S34(1) | $ 3,000 | $ 3,000 |
| jewelry | Mass. Gen. Laws Ann. Chap. 235 S34(1) | $ 600 | $ 600 |
| Jeep Wrangler | Mass. Gen. Laws Ann.Chap. 235 S 34(16) | $ 1,400 | $ 1,500 |
| computer | Mass. Gen. Laws Ann.Chap.235 S34(5) | $ 200 | $ 200 |

In re _John A. Oliveira and Amy L. Oliveira_____ / Debtor        Case No. _____

_(If known)_

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| | | H — Husband<br>W — Wife<br>J — Joint<br>C — Community | | | | | |
| Account No. 0014700330<br>Creditor #: 1<br>Litton Loan Servicing<br>P.O. Box 4387<br>Houston, TX 77210-4387 | J | 345 Brownell Avenue<br>New Bedford, MA 02740<br><br>Value: $ 360,000.00 | | | | $277,024.80 | $ 0.00 |
| Account No. 42495366<br>Creditor #: 2<br>USAA Federal Savings Bank<br>10750 McDermott Fwy<br>San Antonio, TX 78288-0544 | J | 2006 Chrysler Town & Country<br><br>Value: $ 24,345.00 | | | | $ 42,280.70 | $ 17,935.70 |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |

_No_ continuation sheets attached

Subtotal $    319,305.50
(Total of this page)

Total $    319,305.50
(Use only on last page and on Summary of Schedules)

In re *John A. Oliveira and Amy L. Oliveira* _____ / Debtor    Case No. _____

(If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

    ☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS

☐   **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐   **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐   **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐   **Deposits by individuals**
Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐   **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

    *Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_No_ ___ continuation sheets attached

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____

(If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No. _4264281148000580_ <br> _Creditor #: 1_ <br> _Bank of America_ <br> _P.O. Box 15726_ <br> _Wilmington, DE 19886_ | J | _Credit card purchases_ | | | | $ 14,326.62 |
| Account No. _4888603107544934_ <br> _Creditor #: 2_ <br> _Bank of America Visa_ <br> _P.O. Box 1758_ <br> _Newark, NJ 07101_ | J | _Credit card purchases_ | | | | $ 6,402.60 |
| Account No. _945534_ <br> _Creditor #: 3_ <br> _Bennett & DeLoney, P.C._ <br> _P.O. Box 190_ <br> _Midvale, UT 84047_ | J | _Credit card purchases_ | | | | $ 9,282.76 |
| Account No. _5178052425185887_ <br> _Creditor #: 4_ <br> _Capital One Bank_ <br> _P.O. Box 70884_ <br> _Charlotte, NC 28272_ | J | _Credit card purchases_ | | | | $ 4,677.36 |
| Account No. _5178052222491462_ <br> _Creditor #: 5_ <br> _Capital One Bank_ <br> _P.O. Box 70884_ <br> _Charlotte, NC 28272_ | J | _Credit card purchases_ | | | | $ 2,419.59 |

___2_ continuation sheets attached

Subtotal $ (Total of this page)    $ 37,108.93

Total $ (Use only on last page and on Summary of Schedules)

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____
                                                                        (If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No.  5189131010400542 Creditor #: 6 Card Service Center P.O. Box 5877 Hicksville, NY 11802 | J | Credit card purchases | | | | $ 2,225.95 |
| Account No.  5424181004068289 Creditor #: 7 Citi Cards P.O. Box 183065 Columbus, OH 43218 | J | Credit card purchases | | | | $ 23,452.04 |
| Account No.  5502019602 Creditor #: 8 Daniels Law Offices, P.C. One Center Plaza Boston, MA 02108 | J | Credit card purchases | | | | $ 2,713.98 |
| Account No.  8511190415 Creditor #: 9 Midland Credit Management Inc Department 8870 Los Angeles, CA 90084 | J | Credit card purchases | | | | $ 2,900.84 |
| Account No.  4060411000054617078 Creditor #: 10 Navy Federal Credit Union P.O. Box 3500 Merrifielf, VA 22119 | J | Credit card purchases | | | | $ 19,677.89 |
| Account No.  00534699 Creditor #: 11 Rossi Law Offices 28 Thurber Blvd Smithfield, RI 02917 | J | Medical bills | | | | $ 409.00 |
| Account No.  5121071887815284 Creditor #: 12 Sears Credit Cards P.O. Box 183082 Columbus, OH 43218 | J | Credit card purchases | | | | $ 6,170.19 |

Sheet no. ___1___ of ___2___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 57,549.89
(Total of this page)

Total $
(Use only on last page and on Summary of Schedules)

In re *John A. Oliveira and Amy L. Oliveira* _____ / Debtor        Case No. _____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H—Husband<br>W—Wife<br>J—Joint<br>C—Community | | | | |
| Account No. 5420396176900069<br>Creditor #: 13<br>USAA Credit Card Services<br>10750 McDermott Fwy<br>San Antonio, TX 78288 | J | Credit card purchases | | | | $ 19,352.99 |
| Account No. 5542855000125204<br>Creditor #: 14<br>Washington Mutual Card Servics<br>P.O. Box 660487<br>Dallas, TX 75266 | J | Credit card purchases | | | | $ 2,352.42 |
| Account No. 07840672<br>Creditor #: 15<br>Wells Fargo Financial<br>PO Box 98788<br>Las Vegas, NV 89193 | J | Credit card purchases | | | | $ 6,595.40 |
| Account No. | | | | | | |
| Account No. | | | | | | |
| Account No. | | | | | | |
| Account No. | | | | | | |

Sheet no. ___2___ of ___2___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal $<br>(Total of this page) | | $ 28,300.81 |
| Total $<br>(Use only on last page and on Summary of Schedules) | | $ 122,959.63 |

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____
(If known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _Great Eastern Resort Cor_<br>_P.O. Box 78843_<br>_Phoenix, AZ 85062_ | Contract type: _Time share contract/lease_<br>Terms:<br>Debtor's Interest: _Lessee_ |

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____
                                                                          (If known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

In re _John A. Oliveira and Amy L. Oliveira_ _____ / Debtor    Case No. _____
<span style="float:right">(If known)</span>

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled spouse must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| _Married_ | NAMES | AGE | RELATIONSHIP |
| | _Victoria Ruth Oliveira_ | _4_ | _Daughter_ |
| | _Joao Carvalho Oliveira_ | _2_ | _Son_ |
| | _Maria Isabella Oliveira_ | _9ms_ | _Daughter_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _disabled_ | _nurse_ |
| Name of Employer | | _Southcoast Hospitals Group_ |
| How Long Employed | | |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | _0.00_ | $ | _3,080.00_ |
| Estimated Monthly Overtime | $ | _0.00_ | $ | _0.00_ |
| SUBTOTAL | $ | _0.00_ | $ | _3,080.00_ |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll Taxes and Social Security | $ | _0.00_ | $ | _430.72_ |
| b. Insurance | $ | _0.00_ | $ | _0.00_ |
| c. Union Dues | $ | _0.00_ | $ | _0.00_ |
| d. Other (Specify): | $ | _0.00_ | $ | _0.00_ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | _0.00_ | $ | _430.72_ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | _0.00_ | $ | _2,649.28_ |
| | | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | _0.00_ | $ | _0.00_ |
| Income from Real Property | $ | _0.00_ | $ | _0.00_ |
| Interest and dividends | $ | _0.00_ | $ | _0.00_ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | _0.00_ | $ | _0.00_ |
| Social Security or other government assistance Specify: _Social Security Benefits_ | $ | _1,700.00_ | $ | _0.00_ |
| Pension or retirement income | $ | _0.00_ | $ | _0.00_ |
| Other monthly income Specify: _VA benefits_ | $ | _1,300.00_ | $ | _0.00_ |
| TOTAL MONTHLY INCOME | $ | _3,000.00_ | $ | _2,649.28_ |

TOTAL COMBINED MONTHLY INCOME    $ _____5,649.28_____
(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re _John A. Oliveira and Amy L. Oliveira_ _____/ Debtor    Case No. _____
(If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 2,768.69 |
| Are real estate taxes included?  Yes ☒  No ☐ | |
| Is property insurance included?  Yes ☐  No ☒ | |
| Utilities:  Electricity and heating fuel  . . . . . . . . . . . | $ 140.00 |
|       Water and sewer | $ 60.00 |
|       Telephone | $ 50.00 |
|       Other  _Oil Heat_ | $ 250.00 |
|       Other | $ 0.00 |
| Home maintenance (repairs and upkeep) . . . . . . . . . . . | $ 150.00 |
| Food | $ 400.00 |
| Clothing | $ 100.00 |
| Laundry and Dry cleaning | $ 0.00 |
| Medical and Dental expenses  . . . . . . . . . . . . . | $ 100.00 |
| Transportation (not including car payments) | $ 160.00 |
| Recreation, clubs, and entertainment, newspapers, magazines, etc. . . . . . . . . | $ 30.00 |
| Charitable contributions | $ 40.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|       Homeowner's or renter's  . . . . . . . . . . . . . | $ 190.00 |
|       Life | $ 0.00 |
|       Health  . . . . . . . . . . . . . . . . . | $ 100.00 |
|       Auto | $ 185.00 |
|       Other: | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
| Specify: | $ 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|       Auto  . . . . . . . . . . . . . . . . . . . | $ 587.37 |
|       Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others  . . . . . . . . . | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement)  . . . . . . . . | $ 0.00 |
| Other:  _childcare_ | $ 900.00 |
| Other: | $ 0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$ 6,211.06** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess Income (A minus B) | $ |
| D. Total amount to be paid into plan each: | $ |

# UNITED STATES BANKRUPTCY COURT
# EASTERN  DISTRICT OF MASSACHUSETTS

In re *John A. Oliveira and Amy L. Oliveira*

Case No.
Chapter    7

_____ */s/ Stephen B. Swaye* _____ / Debtor
Attorney for Debtor: *STEPHEN B SWAYE*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. **If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

**"In business."** A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

**"Insider."** The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. §101(30).

---

1. **Income from employment or operation of business.**
   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *Husband* | |
| *Year to date: $ 1,200.00* | |
| *Last year: $ 3,600.00* | |
| *Year before:$116,000.00* | |

---

| | |
|---|---|
| *Wife* | |
| *Year to date: $6,210.00* | *Nursing* |
| *Last year: $9,076.00* | *Nursing* |
| *Year before: $9,000.00* | |

---

**2. Income other than from employment or operation of business.**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| *Husband* | |
| *Year to date:   $3537.80* | *Social Security & VA Disability* |
| *Last year:  $21226.80* | |
| *Year before:  $20548.80* | |

**3a. Payments to creditors.**

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**3b.** List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4a. Suits and administrative proceedings, executions, garnishments and attachments.**

List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**5. Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6a. Assignments and receiverships.**

Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

#### 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

---

#### 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR (if other than debtor) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| STEPHEN B SWAYE<br>888 Purchase Street, Bay 5<br>NEW BEDFORD, MA 02740 | Date: | $1,800.00 |

---

#### 10. Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

#### 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

---

#### 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

#### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

#### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

☒ NONE

---

#### 15. Prior address of debtor.

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

**The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who** is or has been, within two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

**16. Nature, location and name of business**

    a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

    b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within **the two years** immediately preceding the commencement of this case.

    c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within **the two years** immediately preceding the commencement of this case.

☒ NONE

---

**17a. Books, records and financial statements**

List all bookkeepers and accountants who within the **six years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ NONE

---

**17b.** List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

---

**17c.** List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☒ NONE

---

**17d.** List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within **two years** immediately preceding the commencement of this case by the debtor.

☒ NONE

---

**18a. Inventories**

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

---

**18b.** List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

---

**19a. Current Partners, Officers, Directors and Shareholders**

If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

---

**19b.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ NONE

---

**20a. Former partners, officers, directors and shareholders.**
If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

**20b.** If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**21. Withdrawals from a partnership or distribution by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other prerequisite during one year immediately preceding the commencement of this case.

☒ NONE

# DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____ 3/25/2007 _____    Signature _____ /s/ John A. Oliveira _____
                                               John A. Oliveira

Date _____ 3/25/2007 _____    Signature _____ /s/ Amy L. Oliveira _____
                                               Amy L. Oliveira

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

OFFICIAL FORM 7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                        Chapter       7
                                             Bankruptcy No.
    John A. Oliveira
    Amy L. Oliveira
             Debtor(s)

DECLARATION RE: ELECTRONIC FILING

PART I- DECLARATION

    I [We] John A. Oliveira        and   Amy L. Oliveira
_____, hereby declare(s) under penalty of perjury that
all of the information contained in my Voluntary Petition     (singly or jointly the
"Document"), filed electronically, is true and correct. I understand that this DECLARATION is to
be filed with the Clerk of Court electronically concurrently with the electronic filing of the
Document. I understand that failure to file this DECLARATION may cause the Document to be
struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that, pursuant to the Massachusetts Electronic Filing Local Rule
(MEFR) 7( b), all paper documents containing original signatures executed under the penalties
of perjury and filed electronically with the Court are the property of the bankruptcy estate and
shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years
after the closing of this case.

Dated:                          _____
                                            (Affiant)

                                _____
                                            (Joint Affiant)

PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)

    I certify that the affiant(s) signed this form before I submitted the Document, I gave the
affiant(s) a copy of the Document and this DECLARATION, and I have followed all other
electronic filing requirements currently established by local rule and standing order. This
DECLARATION is based on all information of which I have knowledge and my signature below
constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and
will comply with the provisions of MEFR 7.

Dated:                          Signed:_____
                                        Attorney for Affiant

152

Form B 21 Official Form 21
(12/03)

## FORM 21. STATEMENT OF SOCIAL SECURITY NUMBER

[*Caption as in Form 16A.*]

STATEMENT OF SOCIAL SECURITY NUMBER(S)

1.Name of Debtor (enter Last, First, Middle): Oliveira, John Anthony
(*Check the appropriate box and, if applicable, provide the required information.*)

    / /Debtor has a Social Security Number and it is: 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
               (*If more than one, state all.*)
    / /Debtor does not have a Social Security Number.

2.Name of Joint Debtor (enter Last, First, Middle): Oliveira, Amy Louise
(*Check the appropriate box and, if applicable, provide the required information.*)

    / /Joint Debtor has a Social Security Number and it is: 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
               (*If more than one, state all.*)
    / /Joint Debtor does not have a Social Security Number.

I declare under penalty of perjury that the foregoing is true and correct.

      X  /s/ John A. Oliveira   3/25/2007
          Signature of Debtor       Date

      X  /s/ Amy L. Oliveira   3/25/2007
          Signature of Joint Debtor    Date

---

*Joint debtors must provide information for both spouses.

*Penalty for making a false statement:* Fine of up to $250,000 or up to 5 years imprisonment or both. 18 U.S.C. §§ 152 and 3571.

Official Form 1, Exhibit D (10/06)

## UNITED STATES BANKRUPTCY COURT

Eastern            District of Massachusetts

In re Amy L. Oliveira                        Case No._____
       ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                              (if known)
              Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: ___/s/ Amy L. Oliveira___

Date: ___3/25/2007___

2

Official Form 1, Exhibit D (10/06)

## UNITED STATES BANKRUPTCY COURT

Eastern        **District of** Massachusetts

In re John A. Oliveira                     Case No._____
            Debtor(s)                                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

_____ .

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*
  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  /s/ John A. Oliveira _____

Date: 3/25/2007 _____

2

B 203
(12/94)

# United States Bankruptcy Court

### __Eastern____ District Of _Massachusetts_

**In re** John A. & Amy L. Oliveira

Case No. _____

**Debtor**

Chapter __7____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .................................. $1,800.00

   Prior to the filing of this statement I have received ........................... $1,800.00

   Balance Due ........................................................ $____0.00

2. The source of the compensation paid to me was:

   ☒ Debtor              ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor              ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| 3/25/2007 | /s/ Stephen B. Swaye |
|---|---|
| Date | Signature of Attorney |

Stephen B. Swaye Attorney at Law
Name of law firm

Certificate Number: 02114-ma-cc-001136217

# CERTIFICATE OF COUNSELING

I CERTIFY that on 12/04/06, at 09:20 o'clock AM EST AMY OLIVEIRA received from Consumer Credit Counseling Service of Greater Atlanta, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the District of Massachusetts, an individual [or group] briefing (including a briefing conducted by telephone or on the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.  A debt repayment Plan was not prepared.  If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted    by Internet .

Date:  12-04-2006                              By      /s/MISTY PEARSON

                                               Name    MISTY PEARSON

                                               Title   Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

Certificate Number: 02114-ma-cc-001136216

# CERTIFICATE OF COUNSELING

I CERTIFY that on 12/04/06, at 09:20 o'clock AM EST, JOHN A OLIVEIRA received from Consumer Credit Counseling Service of Greater Atlanta, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the District of Massachusetts, an individual [or group] briefing (including a briefing conducted by telephone or on the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.  A debt repayment Plan was not prepared.  If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted     by Internet .

Date: 12-04-2006                    By      /s/MISTY PEARSON

                                    Name    MISTY PEARSON

                                    Title   Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency.  See 11 U.S.C. §§ 109(h) and 521(b).